JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carol Delricci

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel Orlow, Esquire of Console Mattiacci Law
1525 Locust St., 9th Floor Philadelphia, PA 19102
(215) 545-7676

## DEFENDANTS
Bedrock Care and Mapa Operating, LLC

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CIVIL RIGHTS:** [x] 442 Employment

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §623, et seq.; 43 P.S. §951 et seq.; Phila. Code §9-1101, et seq.

Brief description of cause:
Plaintiff was discriminated against based on age in violation of state and federal law.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)* JUDGE _____ DOCKET NUMBER _____

DATE: 08/15/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Carol Delricci | : | CIVIL ACTION |
| v. | : | |
| Bedrock Care and MAPA Operating, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.              ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                          (X)

| 08/15/2025 | *[signature]* | Plaintiff, Carol Delricci |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | Orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Philadelphia, PA_____

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL DELRICCI | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BEDROCK CARE | |
| MAPA OPERATING, LLC | |
| Defendants. | |

CIVIL ACTION COMPLAINT

I. **PRELIMINARY STATEMENT**

Plaintiff, Carol DelRicci ("Plaintiff"), brings this age discrimination action against her former employers, Bedrock Care and MAPA Operating, LLC, under the Age Discrimination in Employment Act, 29 U.S.C. §623, *et seq*. ("ADEA"); the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks all damages allowable by law, including economic, compensatory, and punitive damages, and all other relief under applicable law that this Court deems appropriate.

II. **PARTIES**

1. Plaintiff Carol DelRicci ("Plaintiff") is a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff currently resides in Blue Bell, Pennsylvania.

3. Defendant Bedrock Care is a New York business entity with a principal place of business located at 974 Route 45, Suite 1200, Pomona, NY 10970.

4. Defendant MAPA Operating, LLC is Pennsylvania business entity with a principal place of business located at 6212 Walnut Street, Philadelphia, PA 19139.

5. The operations of each named Defendant are substantively integrated and consolidated, such that they were joint, integrated, and/or single employers of Plaintiff. By way of example, and without limitation:

    a. Defendant MAPA Operating, LLC served as Plaintiff's W2 employer of record.

    b. Each named Defendant holds themselves out to the public as part of larger integrated enterprise that operates under the trade name "Bedrock Care."

    c. Defendants share common leadership and ownership.

6. Each named Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

7. At all relevant times, each named Defendant employed more than 15 people.

8. At all relevant times, each named Defendant acted by and through its authorized agents, servants, workers and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III. JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391(b).

13. On or about October 28, 2024, Plaintiff filed a Complaint of Discrimination with the Philadelphia Commission on Human Relations ("PCHR"), which was dual filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of Plaintiff's PCHR Complaint of Discrimination, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

14. The investigation conducted by the PCHR was closed on April 25, 2025.

15. On or about May 23, 2025, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

16. Plaintiff has exhausted her administrative remedies and complied with all administrative requirements for the institution of this civil action.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff was born on March 3, 1956 and is currently 69 years old.

18. Prior to her termination from Defendants, the last position Plaintiff held was Regional Resident Assessment Instrument Specialist.

19. Plaintiff's job duties consisted of overseeing Resident Nurse Assessment Coordinators (RNACs) who were assigned to provide on-site nursing services at various nursing homes operated by Defendants across Pennsylvania.

20. Plaintiff was primarily responsible for overseeing locations in Philadelphia, Pennsylvania.

21. Through Defendants' predecessors, Plaintiff had worked for several of the nursing homes in question since January of 1992.

22. Plaintiff last reported to James McAleer (50[1]), Director of Clinical Reimbursement.

23. McAleer reported to Brian Powers (50), Vice President of Operations.

24. Powers reported to Jacob Zahler (45), Chief Executive Officer.

25. In or about July 2021, Plaintiff began indirectly reporting to Powers as her second level supervisor.

26. After Powers became Plaintiff's second-level supervisor, Powers asked Plaintiff when she was going to retire.

27. In response, Plaintiff stated that she had no concrete plans to retire.

28. In or about July 2023, Plaintiff began directly reporting to McAleer.

29. Neither McAleer nor Powers had any role in Plaintiff being hired at Defendants.

30. Plaintiff was the oldest employee reporting to McAleer.

31. On August 14, 2024, in a letter from Powers, Defendants terminated Plaintiff's employment, effective immediately.

32. Defendants' stated reason for Plaintiff's termination was, "due to the current financial climate and the transition of the Bedrock Facilities to another company, Mapa Operating, LLC is no longer able to support [Plaintiff's] current role with the organization."

33. When Plaintiff was terminated, Defendants retained the following substantially younger employees reporting to McAleer.

    a. Jacquelynn Williams (38), Regional Resident Assessment Instrument Specialist;

    b. Susan Shank (50), Regional Resident Assessment Instrument Specialist.

---

[1] All ages referenced herein are approximations as of the date of Plaintiff's termination.

34. Following Plaintiff's termination, Defendants assigned Plaintiff's job duties to Williams and Shank.

35. Plaintiff had no performance or disciplinary issues throughout her more than thirty-two (32) years of service.

36. Plaintiff was not given any opportunity to remain employed with Defendants.

37. Plaintiff's age was a determinative and/or motivating factor in Defendants' discriminatory treatment of her, including the termination of her employment.

38. As a direct and proximate result of the discriminatory conduct of Defendants as set forth above, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, a loss of vested paid time off ("PTO"), pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – ADEA

39. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

40. By committing the foregoing acts of discrimination, Defendants have violated the ADEA.

41. Defendants' violation of the ADEA was willful, thus warranting an award of liquidated damages.

42. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

44. No previous application has been made for the relief-requested herein.

### **COUNT II – PHRA**

45. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

46. By committing the foregoing acts of discrimination, Defendants have violated the PHRA.

47. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

49. No previous application has been made for the relief requested herein.

### **COUNT III – PFPO**

50. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

51. By committing the foregoing acts of discrimination Defendants have violated the PFPO.

52. Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

53. As a direct and proximate result of Defendants' violations of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages because of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

55. No previous application has been made for the relief being requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, vested paid time off ("PTO"), earning capacity, benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(h) awarding punitive damages to Plaintiff;

(i) awarding liquidated damages to Plaintiff;

(j) awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter.

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l) granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW LLC**

Dated: August 15, 2025   By:   */s/Daniel S. Orlow, Esq.*
Daniel S. Orlow, Esquire
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
Attorney for Plaintiff, Carol DelRicci

# EXHIBIT 1

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

# **COMPLAINT**

| | |
|---|---|
| COMPLAINANT: | |
| **CAROL DELRICCI** | Docket No. |
| v. | |
| RESPONDENTS: | |
| **BEDROCK CARE** | |
| and | |
| **MAPA OPERATING LLC** | |

1. The Complainant herein is:

    Name:     Carol DelRicci

    Address:  █████████████

2. The Respondents herein are:

    Names:    Bedrock Care; MAPA Operating LLC

    Address:  1600 Black Rock Road
              Royersford, PA 19468

3. I, Carol DelRicci, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (68), as set forth below.

**Discrimination**

    A.  I specifically allege:

    [1]    I was hired by Respondents' predecessor in or about January 1992.

[2] My birth date is ███████.

[3] I consistently performed my job duties in a highly competent manner.

[4] Most of the locations where I worked were located in Philadelphia, Pennsylvania.

[5] I last held the position of Regional Resident Assessment Instrument Specialist.

[6] I last reported to James McAleer (50[1]), Director of Clinical Reimbursement. McAleer reported to Brian Powers (50), Vice President of Operations. Powers reported to Jacob Zahler (45), Chief Executive Officer.

[7] In or about July 2021, I began indirectly reporting to Powers as my second level supervisor.

[8] Powers asked me when I was going to retire. I stated that I had no plans to retire.

[9] In or about July 2023, I began directly reporting to McAleer.

[10] Neither McAleer nor Powers had any role in my being hired at Respondents.

[11] I was the oldest employee reporting to McAleer.

[12] On August 14, 2024, in a letter from Powers, Respondents terminated my employment, effective immediately. The stated reason was that, "due to the current financial climate and the transition of the Bedrock Facilities to another company, Mapa Operating LLC, is no longer able to support [my] current role with the organization."

---

[1] All ages herein are approximations.

[13] I received no explanation, including the selection criteria, as to why I was terminated and substantially younger employees, including less qualified, substantially younger employees with less service time than me, were retained.

[14] Respondents terminated my employment because of my age.

[15] When I was terminated, Respondents retained the following employees reporting to McAleer. I was more qualified for each of these employees' positions.

    a. Jacquelynn Williams (38), Regional Resident Assessment Instrument Specialist;

    b. Susan Shank (50), Regional Resident Assessment Instrument Specialist.

[16] Respondents retained less qualified, substantially younger employees with less service time than me in positions for which I was more qualified.

[17] Respondents assigned my job duties to substantially younger employees. I was more qualified to perform my job duties than the substantially younger employees to whom Respondents assigned my job duties.

[18] I had no performance or disciplinary issues throughout my more than thirty-two (32) years of service.

[19] I had no opportunity to remain employed with Respondents.

[20] Respondents did not offer me a downgraded position or a position with reduced pay in lieu of termination.

[21] Respondents retained less qualified, substantially younger employees in positions for which I was more qualified when I was terminated.

[22] Respondents' comments and conduct evidence a bias against older employees and a preference for younger employees.

[23] Respondents' age discriminatory conduct has caused me emotional distress.

B. Respondents have discriminated against me because of my age (68), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    __X__  **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), Section __9-1103__.**

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    __X__  **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondents be required to:

    a) Make the Complainant whole.

    b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

    c) Remedy the discriminatory effect of past practice(s) and procedure(s).

    d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

      e)   Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_October 28, 2024_
(Date Signed)

_Carol DelRicci_
(Signature)   Carol DelRicci

# **EXHIBIT 2**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/23/2025

**To:** Carol DelRicci

Charge No: 17G-2025-00009

EEOC Representative and email:   State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DISMISSAL OF CHARGE

The EEOC is closing this charge because the Respondent is in bankruptcy.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/23/2025

Karen McDonough
Deputy District Director